IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTOINETTE HINES,           )
                            )
         Plaintiff,         )
                            )
    v.                      )     1:19-cv-754
                            )
BLUE CROSS & BLUE SHIELD    )
OF NORTH CAROLINA,          )
                            )
         Defendant.         )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Antoinette Hines, initiated this action against her former employer, Blue Cross and Blue Shield of North Carolina ("Defendant"), alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (ECF No. 1 ¶ 1.) Before the Court are Defendant's Motion to Dismiss, (ECF No. 9), and Plaintiff's Motion to File an Amended Complaint, (ECF No. 14), brought pursuant to Rules 12(b)(6) and 15(a) of the Federal Rules of Civil Procedure. For the reasons that follow, both motions will be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff was employed as an intake specialist for Defendant from the spring of 2014 until March 9, 2018, when she was fired. (ECF No. 1 ¶¶ 15, 27.) As an intake specialist,

Plaintiff "received and processed inquiries from Blue Cross members and providers via the telephone." (*Id.* ¶ 14.) This position allowed Plaintiff to work from home. (*Id.* ¶ 16.)

In October of 2017, Plaintiff "be[gan] fighting breast cancer." (*Id.* ¶ 19.) According to Plaintiff's complaint, Plaintiff "applied for FMLA leave for breast cancer treatment in January 2018, which [Defendant] approved." (*Id.* ¶ 20.) Though Plaintiff's complaint does not state when she took her FMLA leave or when she returned from it, it does state that Plaintiff "received chemotherapy treatment in January 2018," and that she eventually "returned to work." (*Id.* ¶¶ 2, 21.) Plaintiff further alleges that sometime "in early 2018 [her supervisor] asked her to come into the office on several occasions." (*Id.* ¶ 23.) Plaintiff apparently declined as her medical provider had "advised her to avoid large groups of people because of her compromised immune system." (*Id.* ¶ 22.)

After Plaintiff returned to work, she was fired on March 9, 2018 for "avoiding calls." (*Id.* ¶ 27.) While Plaintiff acknowledges that she "had ongoing technical issues with [Defendant's] telephone system, including dropped calls and calls in which the parties were unable to hear each other," she alleges that the reason given for her firing was "false and a pretext for FMLA retaliation and disability discrimination." (*See id.* ¶¶ 25, 28.)

Plaintiff initiated this action on July 25, 2019. (ECF No. 1.) Plaintiff's complaint advances three claims: (1) that Defendant "unlawfully interfered with [Plaintiff's] exercise of her FMLA rights, in violation of . . . 29 U.S.C. § [2615(a)] by firing [Plaintiff]," (*id.* ¶ 37); (2) that Defendant retaliated against her for exercising her FMLA rights in violation of 29 U.S.C. § 2615(a)(2), (*see id.* ¶ 40); and (3) that Defendant fired her because of her disability in violation of the ADA, (*see id.* ¶¶ 2, 53). Defendant has moved to dismiss Plaintiff's complaint for failure

to state a claim, arguing that Plaintiff failed to plead any facts that plausibly supported her claims. (ECF No. 9 at 1.) Plaintiff later filed an untimely motion to amend her complaint, seeking to add additional facts to support her claims. (*See* ECF No. 14.)

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

### B. Rule 15(a)

The determination of whether to grant or deny a motion to amend a pleading lies within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Deasy v.*

3

*Hill*, 833 F.2d 38, 40 (4th Cir. 1987). Under Rule 15(a) of the Federal Rules of Civil Procedure, courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).

A plaintiff's request to amend a complaint is futile if the proposed amended complaint could not satisfy the appropriate requirements of the Federal Rules of Civil Procedure, to include Rule 12(b)(6). *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

### III. DISCUSSION

As a threshold matter, the Court will first address Defendant's argument that its Motion to Dismiss should be granted as an uncontested motion pursuant to Local Rule 7.3(k) because Plaintiff has not filed a timely response to it. (*See* ECF No. 17 at 2 n.1.) Plaintiff, after seeking and receiving two extensions of time to respond to Defendant's motion, never filed a response. (*See* ECF Nos. 11; 12; Text Orders Oct. 16 and Oct. 31, 2019.) Instead, Plaintiff chose to file a motion to amend Plaintiff's complaint. (ECF No. 14.) However, even Plaintiff's motion to amend was filed outside the deadline the Magistrate Judge set for responding to Defendant's motion. (*See id.*; Text Order Oct. 31, 2019.) Moreover, Plaintiff's brief in support of her motion to amend was, at best, perfunctory. (*See* ECF No. 15.) It did

4

not respond in any way to the arguments Defendant raised in its motion to dismiss, it did not acknowledge that Plaintiff's motion was untimely, and Plaintiff failed to show excusable neglect for filing an untimely response as required by Local Rule 7.3(k). (*See id.*) This complete disregard for the Court's Order and inattention to or lack of knowledge of this Court's local rules placed Plaintiff's claims in serious jeopardy. However, the Court concludes that while Plaintiff will suffer great harm if this Court does not consider each of the parties' arguments with respect to her claims, Defendant will not suffer prejudice since it has already briefed the merits of each claim with respect to Plaintiff's original complaint as well as the proposed amended complaint. (*See* ECF Nos. 10; 17.) For this reason, the Court, in its discretion, will consider Plaintiff's untimely motion to amend. Nonetheless, Plaintiff and her counsel are warned that any further non-compliance with orders of this Court or federal or local rules may subject Plaintiff's case to dismissal without further notice.

The Court will now consider Defendant's Motion to Dismiss each of Plaintiff's claims and whether Plaintiff's proposed amendments will allow it to survive Defendant's motion or whether such amendments are futile.

### A. Interference Under the FMLA

In support of its motion to dismiss Plaintiff's FMLA interference claim, Defendant argues that Plaintiff failed to allege facts to support that Defendant "denied, curtailed, or otherwise obstructed her FMLA leave." (ECF No. 10 at 4.)

The FMLA provides, in part, that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA. 29 U.S.C. § 2615(a)(1). An employer interferes with a right under the FMLA when it takes

5

any "action with a reasonable tendency to 'interfere with, restrain, or deny' the 'exercise of or attempt to exercise' an FMLA right . . . even where the action fails to actually prevent such exercise or attempt." *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 165 (D.C. Cir. 2015) (quoting 29 U.S.C. § 2615(a)(1)). "To make out an 'interference' claim under the FMLA, an employee must . . . demonstrate that (1) [s]he is entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that [the] interference caused harm." *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015). At the motion to dismiss stage, however, a plaintiff need only allege facts that permit the court to plausibly infer that her employer interfered with her FMLA rights. *See Snipes v. Sw. Va. Reg'l Jail Auth.*, 350 F. Supp. 3d 489, 494 (W.D. Va. 2018).

Plaintiff's original complaint stated that Defendant "unlawfully interfered with [Plaintiff's] exercise of her FMLA rights . . . by firing [her]." (ECF No. 1 ¶ 37.) This allegation fails to state a claim for interference because employees, like Plaintiff, who apply for and receive FMLA leave and are terminated only after being reinstated to their position "have not been denied their FMLA rights; instead, they have received all the benefits to which they are entitled." *Snipes*, 350 F. Supp. 3d at 494; *see also Adams v. Shipman*, No. 1:13CV858, 2014 WL 4924299, at *10 (M.D.N.C. Sept. 30, 2014) (concluding that a plaintiff who was terminated after her FMLA leave expired could not state a claim for interference because she failed to allege facts showing she was denied any FMLA benefits she was entitled to or eligible for).

Moreover, Plaintiff's effort to amend her interference claim likewise fails because, despite the amendment, she still has not alleged facts sufficient to permit the Court to plausibly infer that Defendant interfered with her FMLA rights. Originally, Plaintiff's claim focused on

6

her termination by Defendant. (*See* ECF No. 1 ¶ 37.) In Plaintiff's proposed amended complaint, rather than focusing on her termination as the alleged interference, Plaintiff reframes her interference claim to focus on the conversations she had with her supervisor in which he asked her to come into the office to meet with him in person. (*See* ECF No. 14-1 ¶¶ 24–25, 39.) Plaintiff's proposed amended complaint adds two important facts absent from her original complaint. First, Plaintiff alleges that she was still on FMLA leave when her supervisor asked her to meet with him in the office. (*Id.* ¶ 39.) Second, she alleges that she had to repeatedly explain to her supervisor that she could not come into the office as her medical provider had advised her to avoid large groups because of her compromised immune system and that her supervisor became "agitated and angered by [her] inability to meet with him in person." (*Id.* ¶¶ 24–25.) These newly alleged facts could perhaps constitute interference if Defendant's actions encouraged Plaintiff to cut her leave short or discouraged her or other employees from taking FMLA leave in the future. *See Snipes*, 350 F. Supp. 3d at 493 (explaining that interference includes "discouraging an employee from taking FMLA leave" as well as conduct that "would have a chilling effect and would discourage employees from exercising their FMLA rights"); 29 C.F.R. § 825.220(b) ("Interfering with the exercise of an employee's rights would include . . . not only refusing to authorize FMLA leave, but discouraging an employee from using such leave."). Plaintiff does not, however, allege any facts making it plausible that the alleged calls from her supervisor actually encouraged her to cut short her FMLA leave or discouraged her or any other employee from asserting an FMLA right to which they were entitled. Plaintiff simply states that the calls occurred and concludes that the calls constituted an effort to coerce her into traveling into the office. (*See* ECF No.

7

14-1 ¶ 39.)  She pleads no facts alleging how the calls adversely impacted her leave or that of anyone else.  Thus, allowing Plaintiff's Motion to Amend would be futile in that it likewise fails to state a claim for interference.  *See Snipes*, 350 F. Supp. 3d at 493–94 (dismissing an interference claim where plaintiff failed to allege facts making it plausible that his employer's hostile comments discouraged plaintiff or other employees from exercising their FMLA rights).

Accordingly, Plaintiff's interference claim will be dismissed and her motion to amend this claim denied.

### B. Retaliation under the FMLA

Defendant next moves to dismiss Plaintiff's retaliation claim on the basis that her complaint failed to allege facts "that would plausibly demonstrate a causal connection between Plaintiff taking FMLA leave and [her termination]."  (ECF No. 9 at 2.)

Section 2615(a)(2) of the FMLA, the provision under which Plaintiff's retaliation claim was brought, forbids employers from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful" by the FMLA.  29 U.S.C. § 2615(a)(2).  Claims brought pursuant to § 2615(a)(2) are generally referred to as retaliation claims.  *See, e.g.*, *Adams v. Anne Arundel*, 789 F.3d at 429; *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006).  To state a retaliation claim capable of surviving a motion to dismiss, a plaintiff must allege facts sufficient to permit the court to plausibly infer that: (1) she "engaged in a protected activity"; (2) that her employer "took adverse action against h[er]"; and (3) "that the adverse action was causally connected to [her] protected activity."  *See Yashenko*, 446 F.3d at 551; *Snipes*, 350 F. Supp. 3d at 494.

8

Here, Plaintiff has alleged in both her original complaint and proposed amended complaint that she took FMLA leave with Defendant's approval and that she was fired on March 9, 2018. (*See* ECF Nos. 1 ¶¶ 2, 20, 27; 14-1 ¶¶ 2, 20, 27). "The Fourth Circuit has held that taking FMLA leave is a protected activity under the FMLA and recognizes a cause of action for retaliation where an employee alleges that he was discharged for taking FMLA leave." *Moss v. City of Abbeville*, 740 F. Supp. 2d 738, 744 (D.S.C. 2010). Plaintiff's allegations in both her original complaint and proposed amended complaint therefore clearly satisfy the first two elements of a retaliation claim.

Defendant, however, contests the third element, arguing that Plaintiff "has not alleged sufficient facts to demonstrate a plausible causal connection between her taking of FMLA leave and [Defendant's] termination of her employment." (ECF No. 17 at 12–14.) The Court disagrees. A plaintiff may satisfy the third element of her retaliation claim by alleging a sufficiently close temporal proximity between the adverse employment action she suffers and the protected activity she engages in. *Yashenko*, 446 F.3d at 551 ("While evidence as to the closeness in time 'far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case of causality.'" (quoting *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989))). While neither Plaintiff's original complaint, nor her proposed amended complaint explicitly state when Plaintiff took her FMLA leave, they each allege that she applied for and was approved for FMLA leave and received chemotherapy, all in January 2018, and that she later returned to work and was fired on March 9, 2018. (*See* ECF Nos. 1 ¶¶ 2, 20–21, 27; 14-1 ¶¶ 2, 20–21, 27.) Viewing these factual allegations in the light most favorable to Plaintiff, the Court reasonably infers that

9

Plaintiff was fired approximately two months after the end of her FMLA leave. The Court has previously held that a plaintiff satisfies the third element of a retaliation claim by alleging a gap of approximately two months between the end of her FMLA leave and her termination. *See Boone v. Bd. of Governors of the Univ. of N.C.*, No. 1:17CV113, 2018 WL 1620971, at *6 (M.D.N.C. Mar. 30, 2018). The Court holds the same here.

While the close temporal proximity Plaintiff has alleged is sufficient to plausibly state a causal connection between her FMLA leave and her termination, the Court also finds that Plaintiff's proposed amended complaint alleges additional facts further strengthening Plaintiff's claim that her termination was connected to her decision to take FMLA leave. Plaintiff alleges that her supervisor called her while she was on leave and asked her to come into the office to meet with him in person—despite having been told that she was advised by her medical provider to avoid large groups due to a compromised immune system—and that her supervisor became angry when she declined to honor his request. (*See* ECF No. 14-1 ¶¶ 23–25, 39.) Taking Plaintiff's factual allegations as true, a reasonable inference could be drawn that the supervisor's actions demonstrate Defendant's hostility to Plaintiff's exercise of her FMLA rights. The Court therefore concludes that Plaintiff has alleged sufficient facts in her proposed amended complaint to support a plausible claim that Defendant terminated her in retaliation for her exercising FMLA rights.

Plaintiff will therefore be allowed to amend her claim for retaliation as set forth in her proposed amended complaint. Defendant's Motion to Dismiss is thus denied as to Plaintiff's retaliation claim.

### C. Wrongful Discharge Under the ADA

Finally, with respect to Plaintiff's third claim—wrongful discharge under the ADA—Defendant argues that this claim must fail because Plaintiff "does not allege any facts demonstrating that Plaintiff's performance met [Defendant's] legitimate expectations or that the circumstances of her termination create a reasonable inference of unlawful discrimination." (ECF No. 9 at 2.)

The ADA forbids employers from discharging qualified employees because of their disability. 42 U.S.C. § 12112(a). To state a prima facie case of wrongful discharge under the ADA, a plaintiff must demonstrate: that (1) she was "within the ADA's protected class"; (2) she "was discharged"; (3) "at the time of h[er] discharge, [s]he was performing [her] job at a level that met h[er] employer's legitimate expectations"; and (4) that her "discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001). To survive a motion to dismiss, Plaintiff must therefore "plead facts that permit the [C]ourt to reasonably infer each element of th[is] prima facie case." *Schmitz v. Alamance-Burlington Bd. of Educ.*, No. 1:18CV910, 2020 WL 924545, at *4 (M.D.N.C. Feb. 26, 2020) (explaining that complaints "raising ADA causes of action . . . [are] not required to make out a prima facie case of discrimination . . . or satisfy any heightened pleading requirements at the motion to dismiss stage").

While Defendant argued in its motion to dismiss that Plaintiff's original complaint failed to allege both the third and fourth elements of wrongful termination under the ADA, (ECF No. 9 at 2), Defendant challenges only the fourth element with respect to the proposed amended complaint, (*see* ECF No. 17 at 15). It appears that Defendant concedes, and this

11

Court finds, that Plaintiff's proposed amended complaint sets forth sufficient facts to allege that Plaintiff was meeting Defendant's reasonable expectations at the time she was terminated. (*See* ECF No. 14-1 ¶ 30.) Therefore, the Court need only examine whether the proposed amended complaint sets forth sufficient facts to raise a reasonable inference that Plaintiff's discharge was motivated by discrimination based on her disability.[1]

To determine whether unlawful discrimination may be present in ADA wrongful discharge claims, courts may look at the temporal proximity between when an employer learns of an employee's disability and when the employee is fired. *See Pickering v. Va. State Police*, 59 F. Supp. 3d 742, 748 (E.D. Va. 2014). Here, Plaintiff has not pled any facts establishing when Defendant learned of her disability or facts permitting the Court to reasonably infer that Defendant only learned of Plaintiff's disability in January 2018. In fact, as Plaintiff's proposed amended complaint states that she "has been fighting breast cancer since October 2017," (ECF No. 14-1 ¶ 19), it could well be the case that Defendant knew about Plaintiff's disability for approximately five months before discharging her. Five months is a substantially longer gap than the two-month period that permitted the Court to plausibly infer FMLA retaliation and is long enough to weigh against any inference of discrimination. *See Foster v. Univ. of Md. E. Shore*, 908 F. Supp. 2d 686, 706 (D. Md. 2012) (finding a gap of a little more than five months to be "too long a period for [p]laintiff to establish a causal relationship on temporal proximity alone" in a Title VII case), *aff'd in part, rev'd in part on other grounds,* 787 F.3d 243 (4th Cir. 2015). Thus, Plaintiff cannot rely on temporal proximity to argue that the circumstances

---

[1] Plaintiff asserts, and Defendant does not contest, that her "cancer impairment constitutes a disability within the meaning of the ADA." (ECF Nos. 1 ¶ 49; 14-1 ¶ 51.)

surrounding her discharge raise a reasonable inference of unlawful discrimination. In addition, the Court agrees with Defendant's argument that while Plaintiff's alleged conversations with her supervisor may be suggestive of FMLA retaliation, they do not give rise to an inference of discriminatory intent toward Plaintiff based on her disability. (*See* ECF No. 17 at 16.)

Plaintiff's proposed amended complaint therefore fails to allege specific facts which give rise to an inference that she was fired because of her disability. In addition, she fails to address this issue in her briefing. (*See* ECF No. 15.) Thus, allowing Plaintiff's motion to amend this claim would be futile. Accordingly, Defendant's motion to dismiss Plaintiff's claim of wrongful discharge based on her disability will be granted.

The Court therefore enters the following order:

**[ORDER TO FOLLOW]**

# ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (ECF No. 9), is GRANTED as to Plaintiff's FMLA interference and ADA claims.

IT IS FURTHER ORDERED that Defendant's motion is DENIED as to Plaintiff's FMLA retaliation claim.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend, (ECF No. 14), is GRANTED as to all of Plaintiff's proposed amendments except that it is DENIED to the extent that Plaintiff seeks to state FMLA interference and ADA claims, as these claims have been dismissed.

IT IS FURTHER ORDERED that should Plaintiff choose to continue litigating this action, she must file an amended complaint complying with this Opinion within ten days of the issuance of this Order.

This, the 24th day of June 2020.

/s/Loretta C. Biggs
United States District Judge